UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                           )
MONICA LORETO,             )
                           )
        Plaintiff,         )
                           )
        v.                 )   Civil Action No. 11-1744 (RWR)
                           )
MYRA CUSHMAN, et al.,      )
                           )
        Defendants.        )
_____)
```

MEMORANDUM OPINION AND ORDER

    Plaintiff Monica Loreto filed this complaint against defendants Myra Cushman and Karen Portillo to resolve a dispute over the administration of the estate of Anne Cushman.  The defendants moved to dismiss for, among other things, lack of personal jurisdiction and improper venue, and Loreto moved to amend her complaint.  Because Loreto has not established that this court may exercise personal jurisdiction over the defendants or that venue is proper here, and because Loreto's proposed amended complaint would not remedy either defect, Loreto's motion to file an amended complaint will be denied without prejudice, and this case will be transferred to the United States District Court for the District of Maryland.

BACKGROUND

    Anne Cushman passed away in 2006.  She had three children -- daughters Myra Cushman and Portillo, and son Charles Cushman.

-2-

After Anne[1] passed away, Myra and Portillo, citizens of Maryland and Virginia, respectively, became the representatives of Anne's estate.  According to the complaint, Anne's estate was supposed to be distributed in equal shares to Myra, Portillo, and Charles. Compl. ¶¶ 2-4, 6, 8-11.  In 2008, Charles passed away intestate, and Loreto, a citizen of the District of Columbia, is Charles's surviving spouse.  Loreto asserts that she is entitled to one hundred percent of Charles's estate.  Loreto alleges that Charles's share of the estate is worth at least $500,000, but Loreto has received only $41,000.  Id. ¶¶ 12-13.  Loreto filed this diversity complaint under 28 U.S.C. § 1332 against Myra and Portillo for allegedly failing to distribute to Loreto the remaining portion of Charles's share of Anne's estate, asserting five causes of action: breach of fiduciary duty, common law partition of Maryland realty, civil conspiracy, fraud, and unjust enrichment.  Id. ¶¶ 14-33.  The complaint alleges that venue is proper in the District of Columbia because Loreto's husband "died domiciled in the District of Columbia; and, as all parties reside in the greater metropolitan area, this Court represents a convenient forum for all parties."  Id. ¶ 6.

The defendants moved to dismiss the complaint, arguing, among other things, that venue is improper in the District of

---

[1] The Cushmans' first names are used for ease of identification.

-3-

Columbia and that the defendants are not subject to personal
jurisdiction in the District of Columbia.  Defs.' Mot. to Dismiss
at 1.  Loreto did not file a timely opposition,[2] and instead
filed a "Motion Out of Time to File Amended Complaint and Note
Opposition to Defendants' Motion to Dismiss."[3]  The proposed
amended complaint alleged that personal jurisdiction is proper
because both defendants purposefully availed themselves of the
laws of the District of Columbia by "consistently conduct[ing]
transactions with the Estate of Charles Cushman since the opening
of said Estate . . . documented in the form of checks signed by
Defendants and made out to the Estate of Charles Cushman[.]"  Am.
Compl. ¶ 20.  The proposed amended complaint alleged that venue
is proper in the District of Columbia because "a substantial part
of the events and omissions complained of herein have taken place
in the District of Columbia."  Id. ¶ 21.  The defendants filed an
opposition to Loreto's motion for leave, arguing that Loreto
failed to show good cause for filing her motion to amend late,

_____

[2] Loreto's opposition to the defendants' motion to dismiss
was due by December 19, 2011.  See LCvR 7(b).  That deadline
passed with no opposition filed.  On January 10, 2012, Loreto
filed a motion for leave to file late an amended complaint.  See
Pl.'s Mot. Out of Time to File Am. Compl. and Note Opp'n to
Defs.' Mot. to Dismiss.

[3] Loreto's proposed amended complaint would eliminate all
counts except for one count of breach of fiduciary duty, and a
request for attorney fees that is mislabeled as a "count."

-4-

and that the proposed amendments would be futile.  Defs.' Opp'n
to Pl.'s Mot. for Leave at 1.

<u>DISCUSSION</u>

"'The defendant has the burden of showing why leave to file
an amended complaint should not be granted.'"  <u>Dickerson v. Dist.
of Columbia</u>, 806 F. Supp. 2d 116, 118 (D.D.C. 2011) (quoting
<u>Smith v. Café Asia</u>, 598 F. Supp. 2d 45, 48 (D.D.C. 2009)).  "The
decision whether to grant leave to amend a complaint is within
the discretion of the court, but leave 'should be freely given
unless there is a good reason, such as futility, to the
contrary.'"  <u>Dickerson</u>, 806 F. Supp. 2d at 118 (quoting
<u>Willoughby v. Potomac Elec. Power Co.</u>, 100 F.3d 999, 1003 (D.C.
Cir. 1996)).  Amendments are futile when the proposed claims
"'would not survive a motion to dismiss.'"  <u>Smith</u>, 598 F. Supp.
2d at 48 (quoting <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085,
1099 (D.C. Cir. 1996)).  A claim fails to survive a motion to
dismiss filed under Rule 12(b)(6) when it does not plead
sufficient factual detail to state a claim that is "'plausible on
its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting
<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

"'It is plaintiff's burden to make a prima facie showing
that the Court has personal jurisdiction over the defendants.'"
<u>Gomez v. Aragon</u>, 705 F. Supp. 2d 21, 23 (D.D.C. 2010) (quoting
<u>Ballard v. Holinka</u>, 601 F. Supp. 2d 110, 117 (D.D.C. 2009)).

-5-

A plaintiff may not rely on conclusory allegations as the basis for establishing personal jurisdiction. Akers v. Watts, 740 F. Supp. 2d 83, 91 (D.D.C. 2010) (citing Moore v. Motz, 437 F. Supp. 2d 88, 91 (D.D.C. 2006)); see also Dean v. Walker, 756 F. Supp. 2d 100, 102 (D.D.C. 2010) (stating that "[b]are allegations or conclusory statements are insufficient to establish personal jurisdiction"). Personal jurisdiction in this case "must be determined by reference to District of Columbia law." United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995).

   "A District of Columbia court may exercise personal jurisdiction over a person domiciled in, . . . or maintaining his . . . principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. For defendants like Myra and Portillo who are not domiciled in the District of Columbia,[4] the D.C. Circuit instructs courts to use a two-part inquiry to assess the propriety of personal jurisdiction. First, courts determine whether there is a basis for personal jurisdiction under the District of Columbia's long-arm statute. See GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). The District's long arm statute permits a court in the District of Columbia to exercise personal jurisdiction over a defendant who does not reside in the District

---

   [4] Loreto does not allege that either defendant maintains a principal place of business in the District of Columbia.

-6-

with regard to claims arising from defendants' "transacting any business in the district of Columbia[.]" D.C. Code § 13-423(a)(1). For the second part of the inquiry, the court determines whether the exercise of personal jurisdiction would be consistent with the constitutional requirements of due process. See GTE New Media Servs., Inc., 199 F.3d at 1347. Exercising personal jurisdiction over a defendant comports with due process when defendants' "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "These minimum contacts must arise from 'some act by which the defendant purposefully avails [herself] of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws.'" Gomez, 705 F. Supp. 2d at 24 (quoting Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 109 (1987) (internal quotation omitted)). "In other words, 'the defendant's conduct and connection with the forum State are such that [s]he should reasonably anticipate being haled into court there.'" Gomez, 705 F. Supp. 2d at 24 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Courts have been somewhat demanding in the quantum of proof required to demonstrate personal jurisdiction over

-7-

non-domiciliaries.  The Supreme Court has stated that "[t]he
unilateral activity of those who claim some relationship with a
nonresident defendant cannot satisfy the requirement of contact
with the forum state."  Burger King Corp. v. Rudzewicz, 471 U.S.
462, 474 (1985).  The District of Columbia Court of Appeals found
that physicians practicing in Virginia who were licensed in D.C.,
who were listed in the D.C. yellow pages and a referral list in
the International Monetary Fund's ("IMF's") health center in
D.C., who regularly attended professional education gatherings in
D.C., and who took a phone call from a patient at the IMF in D.C.
were not transacting business in D.C.  Etchebarne-Bourdin v.
Radice, 982 A.2d 752, 758-60 (D.C. 2009).  Nor was a foreign law
firm that negotiated in the District to perform legal
representation abroad for a District entity, and sent electronic
communications and invoices to the entity in the District.
Exponential Biotherapies, Inc. v. Houthoff Buruma N.V., 638 F.
Supp 2d 1, 7-8 (D.D.C. 2009).  Likewise, a Florida accounting
firm did not transact business in D.C. by providing accounting
services and financial instruments to a D.C. client and faxing
and telephoning the client in D.C.  Burman v. Phoenix Worldwide
Indus., 437 F. Supp. 2d 142, 148-49.  See also Dynamic Concepts,
Inc. v. U-Tech Servs. Corp., Civil Action No. 99-1260 (EGS), 2000
U.S. Dist. LEXIS 6497, at **17-20 (D.D.C. Jan. 31, 2000) (finding
that defendant who negotiated with plaintiff while plaintiff was

-8-

in D.C., sent plaintiff payment from a D.C. bank, and contacted plaintiff in D.C. by mail, telephone and fax did not transact business in D.C.); Mitchell Energy Corp. v. Mary Helen Coal Co., 524 F. Supp. 558, 564 (D.D.C. 1981) (stating that the "[e]xchange of letters and telephone communications with a party in the District of Columbia alone is not considered a jurisdictionally significant contact" and finding that the defendant did not transact business in the District).

Here, neither Loreto's complaint nor her motion to amend nor her proposed amended complaint establishes personal jurisdiction over the defendants.  In three separate filings, each presenting opportunities to specify facts showing that the defendants were transacting business within the District to meet the requirements of the District's long arm statute, and that exercising personal jurisdiction over the defendants in the District of Columbia would be consistent with the constitutional requirements of due process, all Loreto has provided is that the defendants sent unspecified checks to a non-party estate in D.C.  First Am. Compl. ¶ 20.  Loreto has not provided anything showing that the checks that were sent to Charles's estate were associated with attempts to solicit business in the District of Columbia.  The estate's unilateral choice to have the defendants send checks to a District of Columbia address does not reflect the defendants' purposefully availing themselves of the privilege of conducting

-9-

activities here.  See Burger King Corp., 471 U.S. at 474.

Moreover, Loreto has provided no authority supporting the

proposition that the defendants reasonably could have expected

that sending checks to an estate in the District of Columbia

would have caused them to be hauled before a court in the

District of Columbia.[5]

In addition, Loreto's complaint does not establish that

venue is proper in the District of Columbia under 28 U.S.C.

§ 1391.  When, as here, jurisdiction is based solely on diversity

of citizenship, the applicable venue provision is 28 U.S.C.

§ 1391(a), which states that venue is proper in a judicial

district (1) "where any defendant resides, if all defendants

reside in the same State," (2) "in which a substantial part of

the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is

situated," or (3) "a judicial district in which any defendant is

subject to personal jurisdiction at the time the action is

commenced, if there is no district in which the action may

otherwise be brought."  28 U.S.C. § 1391(a)(1)-(3).  The

---

[5] Plaintiff's mere speculation that defendants travel through
D.C., see Am. Compl. ¶ 20 (stating that the defendants "probably
come and go through the District of Columbia on a regular
basis"), cannot be enough to make them answer to a lawsuit here.
See Urban Inst. v. FINCON Servs., 681 F. Supp. 2d 41, 47-48
(D.D.C. 2010) (holding that the plaintiff's unsupported
allegations about the defendant's travels to the district were
insufficient to create personal jurisdiction).

-10-

defendants do not reside in the District of Columbia, the District of Columbia was not the location where a substantial part of the events giving rise to the claim occurred, and the defendants are not subject to personal jurisdiction in the District of Columbia.

As the defendants imply, Defs.' Stmt. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 5, 8-9, Loreto's action may be transferred to a proper venue even though this court lacks personal jurisdiction over the defendants. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). Under 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  Transfer is appropriate under § 1406(a) when procedural obstacles prevent a timely adjudication on the merits. Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)). Procedural obstacles include "lack of personal jurisdiction, improper venue, and statute of limitation bars."  Sinclair, 711 F.2d at 294. "Generally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them."  Poku v. FDIC, 752 F. Supp. 2d 23, 25 (D.D.C. 2010).  "The decision to transfer an action [under

-11-

§ 1406(a)] is left to the discretion of the Court." <u>Baez v. Connelly</u>, 734 F. Supp. 2d 54, 58 (D.D.C. 2010).  "Courts can determine venue by applying a 'commonsense appraisal' of events having operative significance." <u>James v. Booz-Allen & Hamilton, Inc.</u>, 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (quoting <u>Lamont v. Haig</u>, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).

The parties have not addressed to which district this case should be transferred in the event that it is not dismissed. However, a commonsense appraisal of the significant events in this case reveals that venue would be appropriate in the District of Maryland.  Anne's property about which both the original and proposed amended complaint seek relief is in Maryland, and Myra resides in Maryland.  Rather than dismissing this case for lack of personal jurisdiction over the defendants, the court will transfer it in the interest of justice to the District of Maryland.

<u>CONCLUSION AND ORDER</u>

The plaintiff has not shown that this court has personal jurisdiction over the defendants, and the plaintiff has not established that venue in the District of Columbia is proper for her action.  The proposed amended complaint would cure neither defect.  Because venue is improper here but would be proper in the District of Maryland, it is hereby

-12-

ORDERED that the defendant's motion to dismiss be, and hereby is, GRANTED IN PART.  The Clerk is directed to transfer this case to the United States District Court for the District of Maryland.  The remainder of the defendants' motion to dismiss is otherwise left for decision by the transferee Court.  It is further

ORDERED that the plaintiff's motion [6] for leave to file an amended complaint be, and hereby is, DENIED without prejudice.

SIGNED this 12th day of March, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge